# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**,

    Plaintiff,

    v.        **Case No. 16-CR-100**

**TODD A. DYER**,

    Defendant.

## REPORT AND RECOMMENDATION
## ON DEFENDANT'S CHANGE OF PLEA

The United States of America and the defendant, Todd A. Dyer, who has waived his right to counsel (but is proceeding with the assistance of stand-by counsel), appeared before me on December 7, 2016, for a change of plea colloquy pursuant to Fed. R. Crim. P. 11. *See* Minute Entry for Change of Plea Hearing, ECF No. 31. Both parties consented to my conducting the change of plea colloquy. I explained that it would be for the United States District Judge alone, not me, to enter the plea and that my role was to conduct the plea colloquy and then to prepare a report and recommendation for ultimate disposition by Judge Pepper.

After Mr. Dyer was placed under oath and advised as to the implications of being untruthful, I questioned him about his competency to go forward with the hearing. I then discussed in detail each of the subjects specified in Rule 11, including the rights he would surrender by entering a plea of guilty, the maximum penalties associated with the charged offenses, and the authority of the sentencing judge to

disregard any recommendations in the plea agreement and to give Mr. Dyer a maximum sentence.

At the conclusion of this colloquy, I determined that Mr. Dyer was of above-average intelligence, having completed some college courses and having familiarity with complex documents from his work in insurance and structuring new offerings, and that he was fully capable of entering an informed, intelligent, and voluntary plea. I further determined that Mr. Dyer's guilty plea was in fact knowing and voluntary and was not induced by threats or by promises not contained in the Plea Agreement, ECF No. 30. I found that there was an independent factual basis containing each of the essential elements of the offenses charged. Mr. Dyer advised that he was pleading guilty to the charged offenses because he was, in fact, guilty and that the United States could prove beyond a reasonable doubt each and every element of the charged offenses because each and every element was true as to him. Finally, I found that, in responding to my questions, Mr. Dyer was candid, lucid, respectful, and non-evasive, fully accepting responsibility for and acknowledging the unlawfulness of his conduct.

**NOW, THEREFORE, IT IS HEREBY RECOMMENDED** that defendant Todd A. Dyer's plea of guilty to Count 1 and Count 9 of the Indictment, ECF No. 1, be accepted; that a presentence investigation and report be prepared according to the schedule set by the Court; and that Mr. Dyer be adjudicated guilty and have sentence imposed accordingly.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C), Fed. R. Crim. P. 59(b), and E.D. Wis. Gen. L. R. 72(c), whereby written objections to any recommendation herein, or part thereof, may be filed within fourteen days of service of this Recommendation. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Failure to file a timely objection with the district judge shall result in a waiver of your right to appeal. If no response or reply will be filed, please notify the Court in writing.

Dated at Milwaukee, Wisconsin, this 7th day of December, 2016.

**BY THE COURT:**

*s/ David E. Jones*
DAVID E. JONES
United States Magistrate Judge