UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                Case No. 16-cr-100-pp

TODD DYER,

    Defendant.

**ORDER DENYING MOTION TO RECONSIDER (DKT. NO. 60), DENYING MOTION TO VACATE (DKT. NO. 64) AND DENYING MOTION FOR DOCUMENTS WITHOUT COST (DKT. NO. 77)**

**I.    Introduction**

In 2015 and 2016, the defendant was charged in the Eastern District of Wisconsin with participating in three separate fraud schemes. See United States of America v. Todd Dyer, Case No. 15-cr-115-JPS; United States of America v. Todd Dyer, Case No. 15-cr-137-LA; United States of America v. Todd Dyer, Case No. 16-cr-100-PP. Case No. 16-cr-100-PP was assigned to this court.

In Case No. 16-cr-100, the indictment charged the defendant with perpetuating a fraud scheme relating to life insurance policies. United States v. Dyer, Case No. 16-cr-100, Dkt. No. 1. At the July 13, 2016 arraignment and plea hearing, Magistrate Judge David Jones allowed the defendant to represent himself (as the defendant had been doing in his other cases). Dkt. No. 6. On November 10, 2016, the defendant filed a fifty-five-page motion to dismiss the

1

indictment and over seventy attachments. Dkt. Nos. 25, 26. The motion asserted that the government had obtained the indictment by presenting perjured testimony to the grand jury and intentionally omitting, concealing and altering evidence that would negate his guilt. Dkt. No. 25. This court issued a scheduling order setting briefing deadlines for the motion to dismiss, dkt. no. 28, but later vacated that order in favor of Judge Jones's original schedule for filing pretrial motions. Text Only Order, Nov. 23, 2016. Under Judge Jones's deadline, the deadline for the government to respond to the motion to dismiss was January 6, 2017. Id.

On December 7, 2016, however, the defendant signed a global plea agreement resolving all three of the cases.[1] Dkt. No. 30. The agreement provided that the defendant would plead guilty to two counts of wire fraud and two counts of unlawful financial transactions—one each in Case Nos. 15-cr-115 and 16-cr-100—in exchange for a dismissal of all the charges in Case No. 15-cr-137. Id.; United States v. Dyer, 892 F.3d 910, 912 (7th Cir. 2018). The agreement stated that "[i]n entering this agreement, the defendant

---

[1] The defendant signed the plea agreement on the third day of trial in front of Judge J.P. Stadtmueller in Case No. 15-cr-115. The government tells this court that the defendant's decision to plead guilty came as a surprise. Dkt. No. 63 at 11, n.3 ("[defendant's] decision to plead guilty came as a surprise to everyone else involved who had settled in for a two-week trial. The government had prepared for submission more than 500 exhibits (many of which were multi-page documents), copies of which were provided to the Court and all parties in sets of itemized binders well before trial. The government also arranged for the travel and lodging of more than two dozen witnesses, most of whom were victims of Dyer's elaborate fraud scheme who came from across the country (and one overseas) to be in Milwaukee for trial").

acknowledges and understands that he surrenders any claims he may have raised in any pretrial motion[.]" Id. at ¶31; see also ¶32 ("[t]he defendant acknowledges and understands that by pleading guilty he is waiving all the rights set forth above. The defendant further acknowledges the fact that his standby counsel has explained these rights to him and the consequences of his waiver of these rights.").

Because the same plea agreement resolved both this case and the case assigned to Judge Stadtmueller, and because Judge Stadtmueller (as is his practice) had referred his case to Magistrate Judge Jones for the purpose of conducting the change-of-plea colloquy, this court also referred its case to Judge Jones for a plea hearing. Dkt. No. 31. Judge Jones conducted a consolidated plea colloquy on December 7, 2016 and recommended that both district judges accept both guilty pleas. Dkt. No. 32. This court adopted that recommendation on December 20, 2016. Dkt. No. 36.

The court scheduled the defendant's sentencing hearing for March 23, 2017. At sentencing, the defendant informed the court that he had tried to send the court a motion to withdraw his guilty plea. Dkt. No. 47; see also id. at Dkt. No. 59 (transcript of sentencing hearing). The court told the defendant that it had not seen that motion. Id. It asked the defendant for the basis of the motion; the defendant responded that he had entered a plea agreement to avoid what he deemed to be prejudicial proceedings in Judge Stadtmueller's court. Id. The court asked the defendant a series of questions about his hearing in front of Judge Jones, then denied the defendant's oral motion to withdraw his

3

guilty plea. Id. The court sentenced the defendant to 110 months of incarceration, followed by three years of supervised release. Id. It entered judgment on April 13, 2017. Id. at Dkt. No. 48.

The defendant timely filed a notice of appeal on April 13, 2017. Id. at Dkt. No. 51. The Seventh Circuit opened a case on April 14, 2017. Dkt. No. 53. On May 3, 2017, this court issued an order granting the defendant's motion for leave to appeal without prepaying the filing fee, which also clarified and confirmed the court's ruling denying the defendant's request to withdraw his guilty plea. Dkt. No. 57. The order commented that the defendant had not offered anything more than "bare protestations of innocence" and that he had knowingly, intelligently and voluntarily entered his guilty plea. Id.

The defendant filed this motion on May 22, 2017—a month after he filed his notice of appeal, and while the appeal remained pending. Dkt. No. 60. Over a month after the government responded to this motion, the defendant filed a motion asking the court to vacate his sentence, asserting that he received ineffective assistance of counsel and that his plea was not entered knowingly, voluntarily and intelligently because of his mental illness. Dkt. No. 64.

On May 21, 2019—a little over eight months after the Seventh Circuit affirmed his conviction (Dkt. No. 68)—the defendant filed a petition to vacate, correct or set aside his sentence under 28 U.S.C. §2255. Dkt. No. 75; Dyer v. United States, Case No. 19-cv-752. A week later, he filed a motion in this criminal case, indicating that because he'd filed a §2255 petition, he was entitled to have the court provide him—free of charge—a transcript of the

arraignment, a copy of the docket sheet, copies of grand jury transcripts, copies of all magistrate judge reports and recommendations and all CJA vouchers for any attorney appointed to represent him. Dkt. No. 77. He also asked the court to order the government to provide him with recordings of telephone conversations between himself and Cindy Bakley. Id.

## II. Motion to Reconsider (Dkt. No. 60)

On May 22, 2017, the defendant filed a letter. Dkt. No. 60. The court construed the letter as a motion to reconsider the court's denial of his motion to withdraw his guilty plea (dkt. nos. 47, 57) and consider and rule on the motion to dismiss that he filed prior to pleading guilty, and it ordered the government to respond. Dkt. No. 61.

### A. Parties' Arguments

The defendant's handwritten motion is difficult to read, but he seems to argue that he timely filed his motion to withdraw the guilty plea. Dkt. No. 60 at 1. The defendant alleges that the prosecutor was unethical, and argues that the court should have postponed the sentencing, allowed the government to respond to the motion to withdraw the plea and allowed him to reply. Id. He says the court cannot say, in hindsight, that it adequately considered the motion to withdraw the guilty plea. Id. at 2.

The defendant asserts that he is "a Court recognized manic depressive." Id. He says he took medication for years and that he told Judge Stadtmueller in a motion to adjourn about his problems in managing his "illusions absent medication." Id. He says that "no one" exercised restraint or caution, despite

5

the fact that that he'd been charged in three federal cases and had gone through "at least" five lawyers. Id. at 3. He asserts that Judge Stadtmueller was "unbending in his pursuit of a December 5 trial date," and says that the jurors would have been thinking about going home to family for the holidays and thus would have decided his case in haste. Id. The defendant asserts that Judge Jones scheduled the trial in Case No. 16-cr-100 ahead of the trial in Judge Stadtmueller's case, despite the extensive amount of discovery associated with Judge Stadtmeuller's case. Id. The defendant maintains that he "had no choice" but to stop the trial before Judge Stadtmueller because it was "a circus;" he says that Judge Stadtmeuller made inappropriate comments showing bias and prejudgment and that the prosecutors repeatedly made misstatements. Id. at 4. The defendant insists that his decision was not a strategic decision but was poor judgment on his part and "damage control." Id.

The defendant claims that the government knowingly presented perjured testimony to the grand jury and to a trial jury. Id. He says that "[a] change of plea or colloquy by a Court recognized manic depressive in the absence of a fitness test or hearing is not valid, I do not think!" Id. The plaintiff says that this court's dismissal of his claim of mental illness based on an article in the paper shows that this court is prejudiced; he asserts the court should not have read the article. Id. at 4-5. He disagrees with the court's conclusion that his motion to dismiss the indictment did not reveal any evidence of his innocence. Id. at 5. He repeats arguments he has made in other filings that he was not guilty, and that it was the victims who lied and defrauded him. Id. at 5-7. He

concludes by stating that he is innocent, and writes that he "fully intend[s] on spending the next 13 years, if need be, exposing the Bakley's and government's misconduct." Id. at 7.

The government responded on June 28, 2017. Dkt. No. 63. The government offered a number of reasons to deny the motion, including that (1) the court lacked jurisdiction to decide the motion; (2) the defendant was represented by counsel when he filed the motion; (3) the defendant's admissions bolstered the court's original decision to deny the motion to withdraw guilty plea; and (4) by pleading guilty, the defendant waived his right to pursue pretrial motions such as his motion to dismiss this case. Id. at 5.

B.  Analysis

The government correctly notes that when the defendant filed the motion asking the court to consider his motion to dismiss and to reconsider its denial of his motion to withdraw his guilty plea, the court no longer had jurisdiction to decide the motion. See Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982) ("the filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."). The Seventh Circuit returned the mandate on August 31, 2018, however, affirming the defendant's conviction; "[j]ust as the notice of appeal transfers jurisdiction to the court of appeals, so the mandate returns it to the district court." Kusay v. United States, 62 F.3d 192, 194 (7th Cir. 1995). At this point, the court has jurisdiction to decide the motion.

7

Similarly, the government argues that at the time the defendant filed his motion, the defendant was represented by counsel and "judicial economy favor[s] summary denial of pro se motions by represented defendants[.]" Dkt. No. 63 at 6. The court assumes that the government was referring to the lawyer appointed to represent the defendant on appeal. If that assumption is correct, that person no longer represents the defendant now that the appeal has concluded, so this argument is not a reason for the court to deny the defendant's motion.

1. *Motion to Consider Motion to Dismiss*

The defendant's motion to reconsider appears to ask the court to consider and rule on his motion to dismiss the indictment, which he filed prior to pleading guilty (dkt no. 25). Dkt. No. 60. The defendant filed his motion to dismiss—and the multitude of accompanying exhibits—on November 10, 2016. Dkt. No. 25. The court eventually adopted the briefing schedule set by Magistrate Judge Jones, requiring the government to respond by January 6, 2017 and the defendant to reply by January 11, 2017. Text-Only Order, Nov. 23, 2016. But the defendant signed the plea agreement on December 7, 2016—a month *before* the deadline for the government to respond to the motion to dismiss. Dkt. No. 30. In the plea agreement, the defendant "acknowledge[d] and underst[ood] that he surrenders any claims he may have raised in any pretrial motion[.]" Id. at ¶31.

The Supreme Court has held that

> [a] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has

8

> solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea.

Tollett v. Henderson, 411 U.S. 258, 267 (1973); see also Gomez v. Berge, 434 F.3d 940, 943 (7th Cir. 2006); Hurlow v. United States, 726 F.3d 958, 966 (7th Cir. 2013).

This makes sense. A guilty plea is an *admission* that the defendant committed the crime he was accused of committing. Once a defendant has admitted committing the offense, any challenges he has to the procedures that led to the charges is moot.

Accordingly, the court has no reason to require briefing on, or rule on, the defendant's motion to dismiss unless it reconsiders its denial of the defendant's motion to withdraw his guilty plea.

2.   *Motion to Reconsider Denial of Motion to Withdraw Guilty Plea*

The court orally denied the petitioner's motion to withdraw his guilty plea at his March 23, 2017 sentencing. Dkt. No. 59. It reiterated its reasoning in a May 3, 2017 written order. Dkt. No. 57.

The defendant does not cite a rule under which the court should consider his motion. This is because "[n]one of the Rules of Criminal Procedure authorizes a generic motion to reconsider; the criminal rules lack a counterpart to the motions authorized by Fed. R. Civ. P. 50(b), 52(b), or 59[.]" United States v. Rollins, 607 F.3d 500, 502 (7th Cir. 2010). Nonetheless, motions to reconsider "are ordinary elements of federal practice that exist in criminal

prosecutions despite their omission from the Rules of Criminal Procedure[;]" "motions to reconsider in criminal prosecutions are proper and will be treated just like motions in civil suits." Id. (citing United States v. Healy, 376 U.S. 75, 84 (1964)).

Like the criminal rules, "the Federal Rules of Civil Procedure do not expressly recognize a 'motion to reconsider.'" United States v. Roth, No. 10 Misc. 001, 2010 WL 1541343 at *2 (E.D. Wis., April 10, 2010). There are several rules and standards that allow a court to reconsider a prior order or judgment; which of those rules or standards applies depends on the stage of the case and the finality of the order or judgment.

Federal Rule of Civil Procedure 54(b) allows a court to revise an "order or other decision . . . that adjudicates fewer than all the . . . rights and liabilities of fewer than all the parties" but "does not end the action as to any of the claims or parties." In Galvan v. Norberg, 678 F.3d 581, 587 (7th Cir. 2012), the Seventh Circuit explained that Rule 54(b) allows a court to review non-final orders "at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." The defendant filed this motion after the court entered the final judgment, so Rule 54(b) does not apply.

Rule 59(e) allows a party to file a motion asking the court to alter or amend a judgment if the party files that motion "no later than 28 days after the entry of the judgment." The court entered judgment on April 13, 2017, dkt. no. 48, and the defendant filed this letter motion about forty days later, on May 22,

2017, dkt. no. 60. The defendant's motion was not timely filed under Rule 59(e).

Rule 60(b) allows a party to seek relief from an "order" for any of six enumerated reasons, including mistake, inadvertence, newly-discovered evidence, fraud, or any other reason that justifies relief. Fed. R. Civ. P. 60(b). Rule 60(b) "is, 'by its terms[,] limited to "final" judgments or orders' and is 'inapplicable to interlocutory orders.'" Phillips v. Sheriff of Cook Cty., 828 F.3d 541, 559 (7th Cir. 2016) (quoting Santamarina v. Sears, Roebuck & Co., 466 F.3d 570, 571 (7th Cir. 2006)) (additional citations omitted). A Rule 60(b) motion "must be made within a reasonable time." The court will consider the motion under Rule 60(b).

Judge Jones conducted a thorough plea colloquy in early December 2016. Dkt. No. 31; see also Dkt. No. 62. Judge Jones placed the defendant under oath; the defendant swore to give true and complete answers to Judge Jones's questions. Dkt. No. 62 at 3-4. Judge Jones referenced Rule 11 of the Federal Rules of Criminal Procedure and told the defendant that he would conduct the plea colloquy in accordance with that rule. Id. at 4. Judge Jones asked the defendant about his education and background and the defendant confirmed that he did not have trouble understanding complex documents. Id. at 5-6. The defendant confirmed that he was not under the influence of drugs or alcohol while reviewing the plea agreement and was not under the influence of drugs or alcohol at the plea hearing. Id. at 6.

The defendant confirmed that he entered into the plea agreement voluntarily and that no one had threatened or coerced him into this agreement. Id. at 9. The defendant confirmed that by pleading guilty, he was waiving certain rights guaranteed under the Constitution. Id. at 10. Judge Jones reviewed the factual basis of the charges and the elements of each of the offenses with the defendant. Id. at 18. The defendant admitted that the government would have been able to prove each of the elements of the offense beyond a reasonable doubt. Id. at 18-19. He confirmed that he understood the penalties he faced. Id. at 20. After being apprised of all his rights, the defendant pled guilty to counts one and nine of the indictment in case number 16-cr-100. Id. at 23 On that basis Judge Jones recommended that the court accept the plea. Id. at 23. Judge Jones specifically found the defendant, "a person of above average—well above average intelligence and [] fully aware of [his] surroundings and [] fully familiar with and conversant and fully understanding of the plea agreements in these matters." Id. at 24.

The court's May 3, 2017 order reviewed this colloquy. Dkt. No. 57. After considering the defendant's arguments to withdraw his guilty plea, the court explained:

> The defendant has not argued, either in his oral motion or the written one, that he did not understand what he was doing when he pled guilty. He has not argued that he did not understand his constitutional rights; indeed, he'd already participated in two days of a jury trial—he had experienced first-hand his jury trial rights by the time he signed the plea agreement in which he agreed to give them up. He has not argued that he did not understand the maximum penalties he faced (although at sentencing he did tell the court that his expectation of the advisory guidelines range was different than the one in the presentence report, and the one the

court calculated). He has demonstrated through his pleadings and his demeanor in court that he is intelligent, articulate, and educated. He does not argue that he was incapable of understanding the plea agreement or the questions Judge Jones posed to him at the plea colloquy.

Both at sentencing and in his written motion, the defendant argued that he was "forced" to enter the guilty plea. He has not argued that anyone "forced" him to plead guilty by threatening to harm him, or by blackmailing him. By "forced," the defendant appears to mean that he concluded that he had no other strategy for challenging what was happening in the trial before Judge Stadtmueller than to plead guilty. As the court has discussed, the fact that the defendant evaluated the situation unfolding in Judge Stadtmueller's courtroom and made a decision to plead guilty for reasons he thought logical and prudent does *not* support his claim that his plea was involuntary. To the contrary, the defendant's oral and written statements reflect that the defendant made a calculated, reasoned decision to pursue the path from which he now seeks to depart.

The extent to which the defendant made a calculated decision shows in statements he made at the March 23, 2017 sentencing. The court gave the defendant an opportunity to tell the court whatever he wanted regarding the appropriate sentence. The defendant cautiously phrased his allocution, telling the court more than once that he did not want to jeopardize his U.S. Sentencing Guidelines points for acceptance of responsibility (U.S.S.G. §§3E1.1(a) and (b)). Dkt. No. 47 at 3. He then went on to tell the court his version of the facts of the case. Id.

The evidence before the court—what the defendant said at sentencing, what he has written in his motions—does not support a conclusion that the December 7, 2016 plea was not knowing and voluntary. It supports the conclusion that the defendant wanted to tell his version of the events that led to the charges in case no. 15-cr-115 unencumbered by the adversarial process at trial, and to tell that story to an audience of his choosing. He calculated that entering a plea would stop the adversarial process, and somehow give him the opportunity to tell his story later to someone other than Judge Stadtmueller. Regardless of whether one considers that strategy to have succeeded or failed, it was a calculated and knowing strategy. For that reason, the court concludes (as did Judge Jones) that the defendant entered his plea knowingly, voluntarily, and intelligently.

Dkt. No. 57 at 12-14.

13

In this motion to reconsider, the defendant has not argued that the court made a mistake (that it accidentally denied his motion to withdraw the plea, or denied it based on a mistake of fact), or that the court inadvertently denied his motion to withdraw the plea, or that he has newly-discovered evidence justifying a reconsideration or that the court denied the motion to withdraw the plea as a result of fraud. He simply asserts that he disagrees with the court's reasoning. That is not a sufficient ground for seeking reconsideration. That is what appeals are for (and the defendant has appealed, and the Seventh Circuit has affirmed his conviction).

The arguments the defendant has made in his motion to reconsider are the same arguments he made in his written motion and orally at the sentencing hearing. The court is no more convinced by the arguments now than it was in March 2017 or in May 2017. The court wrote on May 3, 2017 that the defendant "calculated that entering a plea would stop the adversarial process, and somehow give him the opportunity to tell his story later to someone other than Judge Stadtmueller. *Regardless of whether one considers that strategy to have succeeded or failed, it was a calculated and knowing strategy*." Dkt. No. 57 at 14 (emphasis added). In this motion to reconsider, the defendant says that he "had no choice" but to "stop" the trial before Judge Stadtmueller. Dkt. No. 60 at 4. Yet he asserts that his decision to plead guilty "was no strategic decision but poor judgment on my part and damage control." Id. at 4. Whether the defendant characterizes his decision to stop the trial as "strategic" or as "poor judgment," the fact remains that he *chose* to plead

14

guilty. He *chose* to tell Judge Jones that he understood his rights, that he waived them and that he was pleading guilty because he was guilty. The court understands that things didn't work out as the defendant had hoped, and that he now regrets his choice. That is not a basis for the court to reconsider its denial of his motion to withdraw his guilty plea.

### III.     Motion to Vacate (Dkt. No. 64)

While this motion *and* his appeal were pending, the defendant filed a motion to vacate his sentence. Dkt. No. 64. At the time he filed the motion, the court did not have jurisdiction to hear it because of the appeal. Now, the court has jurisdiction, but the motion is moot because the defendant has filed a §2255 motion asking the court to vacate his conviction and sentence. The court will deny the motion to vacate as moot.

### IV.     Motion to Produce Documents (Dkt. No. 77)

The defendant asks in this criminal case for the court to produce documents that he says he needs to pursue his §2255 petition. Dkt. No. 77. This is the wrong case in which to make that request, and the court will deny the motion. A petitioner under §2255 who wants documents or discovery must file a motion in the §2255 *habeas* case, not in the underlying criminal case. The defendant has done that—in Dyer v. United States, 19-cv-752, the petitioner has filed a motion to produce documents without cost, two motions for leave to conduct discovery, a motion for a ruling on the motion for leave to conduct discovery, and a third motion for leave to conduct discovery. Along

15

with this order, the court has issued an order in the *habeas* case addressing those motions.

**V.      Conclusion**

The court **DENIES** the defendant's motion for reconsideration. Dkt. No. 60.

The court **DENIES** the defendant's motion to vacate. Dkt. No. 64.

The court **DENIES** the defendant's motion to produce documents. Dkt. No. 77.

Dated in Milwaukee, Wisconsin this 17th day of March, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
Chief United States District Judge**